## NELSON *v.* JENSEN

1. WORKMEN'S COMPENSATION — ADMINISTRATIVE LAW — ATTORNEY'S FEE — ADMINISTRATIVE RULE.

   Workmen's Compensation Bureau rule limiting an attorney's fee to 15 percent of the total redemption settlement is a necessary implementation of the statutory provision governing the processing of lump-sum settlements (MCLA 1970 Cum Supp § 418.837; 1964-65 AACS, Rule 408.44).

2. WORKMEN'S COMPENSATION — REDEMPTION — ATTORNEY'S FEE — APPROVAL.

   The attorney's fee, regardless of the amount, must be set forth in a workmen's compensation redemption agreement before approval by the hearing referee.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5-8] 58 Am Jur, Workmen's Compensation § 544.
   Compensation for attorneys for services in connection with claim under workmen's compensation act. 159 ALR 912.
[4] 58 Am Jur, Workmen's Compensation § 522.

3. WORKMEN'S COMPENSATION — REDEMPTION — ATTORNEY'S FEE — APPROVAL — DISCRETION.

The director of the Workmen's Compensation Bureau may, in his discretion, approve or disapprove a hearing referee's order concerning the attorney's fee in a redemption agreement.

4. WORKMEN'S COMPENSATION — APPEAL BOARD — SCOPE OF REVIEW.

Workmen's Compensation Appeal Board has both the power and the duty to review all appeals from awards and decisions of the hearing referees and director.

5. WORKMEN'S COMPENSATION — APPEAL BOARD — REDEMPTION — ATTORNEY'S FEE — RIGHT OF REVIEW.

The Bureau of Workmen's Compensation cannot deny an appeal from the director's approval of an attorney's fee in a redemption agreement; however, the showing necessary to disturb the director's decision and to increase a fee may be as exacting as the appeal board sees fit, short of a complete denial of review.

6. WORKMEN'S COMPENSATION — REDEMPTION — ATTORNEY'S FEE — RIGHT TO APPEAL.

Workmen's Compensation Appeal Board's decisional paragraph that, in part, was susceptible of an interpretation that there was no appeal from the director's approval of an attorney's fee in a redemption agreement is ordered modified because such an appeal is provided for by statute.

7. WORKMEN'S COMPENSATION — ATTORNEY'S FEE — APPEAL AND ERROR — EXHAUSTION OF REMEDIES.

Appellate court will not pass on the merits of an attorney's claim for a higher fee in a workmen's compensation redemption agreement than approved by the director where the Workmen's Compensation Appeal Board has not yet reviewed the claim; the appeal from the director's decision is to the appeal board, not the courts.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 April 30, 1970, at Marquette. (Docket No. 6,582.) Decided August 24, 1970.

Aaron Lowenstein, attorney for Sigurd Nelson against Melvin .G. Jensen and Employers Mutual of

Wausau, petitioned Workmen's Compensation Appeal Board for review of Workmen's Compensation Bureau Director's decision reducing his attorney fees in a redemption from 30% to 15%. Appeal Board affirmed reduction. Attorney appeals by leave granted. Remanded for modification.

*Aaron Lowenstein, in propria persona.*

*Waldo A. McCrea,* for defendants.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. This case comes to us on leave granted.

We review a dispute over an attorney fee. The dispute in this case is not between the attorney and his client, but rather between the attorney and the Workmen's Compensation Appeal Board.[1]

The controversy arose over the interpretation of a rule adopted by the Bureau of Workmen's Compensation[2] pursuant to its statutorily-granted rule-making power.

The rule which was adopted provides:

"R 408.44.   Rule 14.   Attorney fees.

"The fees and the payment thereof to all attorneys shall be subject to approval of the department. The limitation as to fees below shall apply to the combined charges of attorneys who knowingly combine their efforts toward the enforcement or collection of any compensation claims.

*        *        *

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] We use the present statutory terminology.

[2] Administrative Code 1964–1965 AACS, R 408.44.

"b. Including expenses, no fee in excess of 15% of the total settlement, and including jurisdictional payments, shall be charged for any agreement to redeem liability.

\*    \*    \*

"These rules concerning fees shall apply only to those injuries which occur on or after September 1, 1965. The prior rule shall apply to all prior cases.
"*History:* 1954 ACS 21, p. 22; 1954 ACS 45, p. 35."

Prior to undertaking representation of the injured employee, the attorney (the plaintiff here) and his client entered into a 30% contingent fee contract. It would avail little to discuss at length the basic desirability of contingent fee contracts between attorneys and clients. They are an integral part of the practice of law as we know it. The rule itself recognizes the concept by limiting an attorney's fee to 15%.

The rule is a necessary implementation of the statute governing the processing of lump-sum settlements. The statute[3] provides:

"(1) The director shall direct the processing for approval or rejection by the hearing referees of all redemption agreements and lump sum applications filed under the provision of section 835.

"(2) The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after hearing, the director shall enter such order as he deems just and proper. *Any such order of the director*

[3] MCLA 1970 Cum Supp § 418.837 (Stat Ann 1970 Cum Supp § 17.237 [837]).

*may be appealed to the board within 15 days after
the order is mailed to the parties."* (Emphasis
supplied.)

Although the attorney is not designated as a
"party" in petitions for redemption, he is by the
very nature of the proceeding an essential party.
Any fee in whatever amount must be set forth in
the redemption agreement before approval by the
hearing referee. The director in his *discretion* may
approve or disapprove it.

In the instant case, the director approved a 15%
attorney fee which had likewise been approved by
the referee. The attorney, not the designated party
plaintiff or defendant, sought review by the appeal
board.

For those unacquainted with the terminology, we
point out that an injured workman may petition to
"redeem" his claim for future payments and accept
in lieu thereof a "lump sum." Upon approval by a
hearing referee, the acceptance of the lump-sum pay-
ment extinguishes completely the workmen's claim
unless appealed to the director, and thereafter, to
the appeal board.

The appeal board entertained this review, and in
its decisional paragraph held:

"While it could be said we are reviewing a re-
demption, in reality we are only reviewing the at-
torney's petition to fix fees. Furthermore under
the statute and rule cited the director granted a
fee *to the extent of his discretion. We see no abuse
thereof, and more importantly no authority to re-
view his decision.* The attorney's appeal is there-
fore dismissed." (Emphasis supplied.)

In effect, the appeal board seems to say "we find
no abuse of discretion in the action of the director
which action we had no authority to review in the

first place." We cannot escape the conclusion that the board either misspoke itself, or was in legal error. In either event, we are obligated to address ourselves to the holding.

If the appeal board meant "we have reviewed the director's finding that there is insufficient showing of entitlement to additional attorney's fees", such finding is insulated from contrary judicial action in the absence of a clear error of law or a manifest or gross injustice.

If, *per contra,* the appeal board meant "the rule provides for a 15% attorney fee, and if approved by the director there is *no* appeal", we must disagree.

Whatever the decision may or may not have been intended to mean, it cannot eliminate the review provided by statute, in this case, in fact, two statutes. The first, the general statute, MCLA § 408.10 (Stat Ann 1968 Rev § 17.6[16]),[4] provided:

"Said appeal board shall be an independent body with power and authority to hear and decide *all* appeals from the awards and *decisions* of the hearing referees *and* director." (Emphasis supplied.)

We can hardly conclude that the legislature made this grant of authority to hear "all appeals from * * * *decisions* * * * of the director" if no appeal existed.

The second, MCLA 1970 Cum Supp § 418.837 (Stat Ann 1970 Cum Supp § 17.237[837]), the specific statute governing the processing of redemptions provides:

"(2) The director * * * upon request of any of the parties to the action shall, review the order of the hearing referee * * * . *Any* such order

---

[4] Currently amended by MCLA 1970 Cum Supp § 418.255 (Stat Ann 1970 Cum Supp § 17.237[255]).

*of the director* may be appealed to the board * * * , etc." (Emphasis supplied.)

We realize that our holding here might be considered an invitation to all attorneys to seek review of the director's order concerning a fee in a redemption. We caution against such interpretation. It is well within the statutory authority of the Bureau of Workmen's Compensation to provide a maximum attorney fee in a redemption. It is 15%. It is not within the statutory authority of the bureau to deny an appeal from the director's action in approving that fee as part of the redemption, when such appeal is specifically provided for by statute. The quantum of showing necessary to disturb the director's decision and to increase a fee may be as exacting as the board sees fit to require, short of a complete denial of review.

We are constrained to remand this matter to the appeal board to modify its decisional paragraph by eliminating therefrom the holding that there is "no authority to review his (the director's) decision."

We decline, as suggested by petitioner-attorney on oral argument, to pass on the merits of his claim. His appeal is to the appeal board and not to the courts.

One additional *caveat:* We take judicial notice of the recent investigation of alleged unlawful solicitation of workmen's compensation claims by attorneys and departmental denial of attorney fees in such cases. That issue is not before us and we eschew any action, direct or by implication, as to that class of case.

This case remanded to the appeal board for further action not inconsistent with this opinion.

All concurred.